SECOND DISTRICT—AUGUST, 1917.     405

Palmieri v. Illinois Third Vein Coal Co., 208 Ill. App. 405.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 892*—*when refusal of court to direct verdict not reviewable.* Where the refusal of the court to direct a verdict was neither abstracted nor covered by the errors assigned, no question was presented for review.

2. APPEAL AND ERROR, § 788*—*what must appear in bill of exceptions as basis for review of instructions and sufficiency of evidence.* Where bill of exceptions as abstracted contained only the evidence and did not include instructions, which were only certified by the clerk as a part of the record, and it was not shown who offered them, plaintiff, defendant or the court on its own motion, or that any one objected to them when given, and no motion for a new trial appeared in the bill of exceptions, *held* that neither the instructions nor whether the evidence sustained the verdict would be considered, notwithstanding the record proper, as distinguished from the bill of exceptions, set out the instructions and motion for a new trial.

---

## Anton Palmieri, Appellee, v. Illinois Third Vein Coal Company, Appellant.

### Gen. No. 6,433.    (Not to be reported in full.)

Appeal from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed August 7, 1917.

### Statement of the Case.

Action by Anton Palmieri, plaintiff, against Illinois Third Vein Coal Company, defendant, to recover damages for personal injuries sustained by plaintiff while in defendant's employ. From a judgment for plaintiff for $1,000, defendant appeals.

McDOUGALL, CHAPMAN & BAYNE, for appellant; MASTIN & SHERLOCK, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

J. L. SPAULDING and J. L. MURPHY, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. WORKMEN'S COMPENSATION ACT, § 3*—*when employer presumed to be operating under act.* An employer engaged in extrahazardous employments as defined by the Workmen's Compensation Act is presumed to be operating under the act.

2. WORKMEN'S COMPENSATION ACT, § 12*—*what is necessary for statement of good cause of action at common law.* To state and make a good cause of action by an employee against his employer for personal injuries, it must appear that the defendant has rejected the provisions of the Workmen's Compensation Act in the manner prescribed therein and was guilty of some infraction of law occasioning the injury complained of.

3. WORKMEN'S COMPENSATION ACT, § 12*—*when burden on plaintiff to show rejection by employer of provisions of.* The burden is on the plaintiff, in an action at common law by an employee against his employer for personal injuries, to establish his allegation that the defendant had rejected the provisions of the Workmen's Compensation Act.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.